UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARIA E. COWEN,                                          Case No. 2:16-CV-2551 JCM (CWH)

                                    Plaintiff(s),                        ORDER

        v.

BAY AREA CREDIT SERVICE, et al.,

                                    Defendant(s).

Presently before the court is defendant Bay Area Credit Service's motion for attorneys' fees. (ECF No. 15). Plaintiff Maria Cowen responded (ECF No. 19), and defendant replied (ECF No. 23).

Also before the court is plaintiff's counter-motion to strike the motion for attorneys' fees and a request for sanctions in relation to Mr. Stephen Turner's *pro hac vice* status. (ECF No. 18). Defendant filed a response (ECF No. 26), and plaintiff filed a reply (ECF No. 27).

### I.      Motion for attorneys' fees

Local Rule 54-14(b) states that a "motion for attorney's fees must include" the enumerated facts listed in Local Rule 54-14(b)(3). Indeed, Local Rule 54-14(b)(3) specifically identifies the information required for a trial court in this district to properly consider a motion for attorneys' fees. These thirteen items are as follows:

(A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.

James C. Mahan
U.S. District Judge

LR 54-14(b)(3).

Here, defendant runs afoul of Local Rule 54-14(b)(3)(L) because its motion and the corresponding attachments lack discussion of awards in similar cases. *See* (ECF No. 15, 15-1, 15-2).

Furthermore, the Ninth Circuit has expressed skepticism regarding the use of *Laffey* matrices when calculating attorneys' fees due to a lack of precision for addressing the rates in specific legal markets. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("But just because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away.").

This court is cognizant that the matrix at issue here purportedly includes a "nation-wide" adjustment, but the rationale of *Prison Legal News* still applies here because there is no evidence on the record of this case that this national measurement accurately reflects the southern Nevada legal market. (ECF No. 15-2 at 8); *see* 608 F.3d at 454.

As that motion will be denied, there is no need to consider the counter-motion to strike the same. *See* (ECF Nos. 15, 18). Accordingly, the counter-motion will be denied as moot.

## II.   Request for sanctions

Plaintiff is correct that Mr. Turner had represented to the court that a *pro hac vice* application was pending at a time when no such application was present on the docket. *See* (ECF No. 18). Indeed, Mr. Turner was informed that he needed to comply with Local Rule IA 11-2, which describes the petition requirement, on January 20, 2017. *See* (ECF No. 10).

Accordingly, Mr. Turner's statement that "[h]aving received no objection from the Court to the use of [the] term 'pending,' I assumed that the court did not object to this notation," misses the point: attorneys exercising the *pro hac vice* privilege must comply totally with the local rule governing those appearances. (ECF No. 26-2 at 3).

However, this court believes—in light of the specific circumstances of this case—that Mr. Turner's suspension from applying for *pro hac vice* status in this district would be a heavy-handed

response.  Consequently, this court is satisfied that a warning to Mr. Turner to closely adhere to Local Rule IA 11-2 in the future will suffice at this time.

### III.     Conclusion

In sum, defendant's motion for attorneys' fees will be denied for failure to adequately provide the information described in Local Rule 54-14(b)(3)(L).  Next, plaintiff's motion to strike will be denied as moot, and the court sees no need to sanction Mr. Turner more than a warning not to repeat his error.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for attorneys' fees (ECF No. 15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's counter-motion to strike and request for sanctions (ECF No. 18) be, and the same hereby are, DENIED.

DATED April 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge